# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ENDALE WOLDMSKEL, CDCR #F-64204,<br><br>                          Plaintiff,<br><br>vs.<br><br>J.D. COOK, Deputy Sheriff,<br><br>                          Defendant. | Civil No.   08-1469 JLS (RBB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

    Plaintiff, a prisoner currently incarcerated at Richard J. Donovan Correctional Facility in San Diego California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

## I.

### FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

1  Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP. Therefore, this case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).[1]

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: August 18, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] Plaintiff is cautioned that should he elect to proceed further with this matter, his case will be immediately subject to sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). If Plaintiff's Complaint is dismissed for the reasons set out in these statutes, the dismissal may be counted as a "strike" against him if he requests to proceed IFP in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").